

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CASE NO. 1:16-CR-9 |
| § | |
| § | |
| CHRISTOPHER STEPHENS § | |

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S COMPETENCY

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Christopher Stephens[1], competent to proceed.

    A.    <u>Procedural Background and the Forensic Psychologist's Report</u>

On February 12, 2021, the United States Probation Office filed a Petition for Warrant or

---

[1] The defendant has communicated that she identifies as a transgender female. Stephens was originally indicted and convicted as a male under the name Christopher Stephens and the pending petition asserts violations against Mr. Stephens. The Court will accordingly use male and female pronouns to adhere to Stephens' identifying preference while also remaining consistent with the pending criminal proceeding.

Summons for Offender Under Supervision (doc. #42) requesting the arrest of Christopher Stephens to appear in court and show cause why his/her supervision should not be revoked. On February 25, 2021, prior to Defendant's appearance on the petition, his/her attorney filed an unopposed motion seeking an examination for purposes of determining Stephens' competency to stand trial. The Court granted that motion and entered an order directing the mental examination of the defendant (doc. #47). In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or psychologist to determine whether, pursuant to 18 U.S.C. § 4241, he/she is suffering from a mental disease or defect rendering him/her mentally incompetent to the extent he/she is unable to understand the nature and consequences of the proceedings against him/her or to assist properly in his/her defense.

The Court received notification from the warden of the Metropolitan Detention Center in Los Angeles, California, that a psychological evaluation had been completed pursuant to the Court's order. Ernie Gonzalez, Jr., Ph.D., forensic psychologist, issued a report concluding that based on the information available, there was no objective information or evidence to suggest that Stephens is suffering from a mental disease or defect rendering him/her mentally incompetent to the extent that he/she is unable to understand the nature and consequences of the proceedings against him/her or to properly assist in him/her defense. *See Sealed Report* (doc. #49), at p. 26. Given Stephens' clinical history, the psychologist did make recommendations for communicating with the defendant to improve the likelihood that he/she would participate in legal proceedings. *See id*. The defendant's attorney understands these recommendations and is familiar with the defendant's condition.

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to all parties and counsel. On July 6, 2021, the Court conducted a competency hearing to address the findings set forth in the psychological report. Given the opportunity, neither party objected to the examiner's conclusion that Stephens is competent or offered additional evidence on the issue of competency.

B. Conclusion and Recommendation

Accordingly, based upon the opinion issued by the forensic psychological examiner, the undersigned recommends that the District Court find the defendant, Christopher Stephens, competent to proceed pursuant to 18 U.S.C. § 4241.

C. Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate

judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of July, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE